ORAL ARGUMENT HELD FEBRUARY 28 & 29, 2012
DECIDED JUNE 26, 2012

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| COALITION FOR RESPONSIBLE REGULATION, INC., *et al.*,        *Petitioners*, <br><br> v. <br><br> ENVIRONMENTAL PROTECTION AGENCY, <br>       *Respondent*. | No. 09-1322 (consolidated with Nos. 10-1024, 10-1025, 10-1026, 10-1030, 10-1035, 10-1036, 10-1037, 10-1038, 10-1039, 10-1040, 10-1041, 10-1042, 10-1044, 10-1045, 10-1046, 10-1234, 10-1235, 10-1239, 10-1245, 10-1281, 10-1310, 10-1318, 10-1319, 10-1320, and 10-1321) <br><br> **COMPLEX** |
| COALITION FOR RESPONSIBLE REGULATION, INC., *et al.*,        Petitioners, <br><br> v. <br><br> ENVIRONMENTAL PROTECTION AGENCY, <br>       *Respondent*. | No. 10-1073 (consolidated with Nos. 10-1083, 10-1099, 10-1109, 10-1110, 10-1114, 10-1118, 10-1119, 10-1120, 10-1122, 10-1123, 10-1124, 10-1125, 10-1126, 10-1127, 10-1128, 10-1129, 10-1131, 10-1132, 10-1145, 10-1147, 10-1148, 10-1199, 10-1200, 10-1201, 10-1202,10-1203, 10-1206, 10-1207, 10-1208, 10-1210, 10-1211, 10-1212, 10-1213, 10-1216, 10-1218, 10-1219, 10-1220, 10-1221, and 10-1222) <br><br> **COMPLEX** |

| | |
|---|---|
| COALITION FOR RESPONSIBLE REGULATION, INC., *et al.*,<br>　　　*Petitioners*,<br><br>　　v.<br><br>ENVIRONMENTAL PROTECTION AGENCY,<br>　　　*Respondent*. | No. 10-1092 (consolidated with Nos. 10-1094, 10-1134, 10-1143, 10-1144, 10-1152, 10-1156, 10-1158, 10-1159, 10-1160, 10-1161, 10-1162, 10-1163, 10-1164, 10-1166, and 10-1182)<br><br>**COMPLEX** |
| AMERICAN CHEMISTRY COUNCIL, *et al.*,<br>　　　*Petitioners*,<br><br>　　v.<br><br>ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br>　　　*Respondents*. | No. 11-1167 (consolidated with Nos. 10-1168, 10-1169, 10-1170, 10-1173, 10-1174, 10-1175, 10-1176, 10-1177, 10-1178, 10-1179, and 10-1180)<br><br>**COMPLEX** |

**RESPONSE BY SOUTHEASTERN LEGAL FOUNDATION, INC., ET AL. TO MOTIONS TO GOVERN FUTURE PROCEEDINGS FILED BY RESPONDENT ENVIRONMENTAL PROTECTION AGENCY AND ENVIRONMENTAL ORGANIZATION RESPONDENT-INTERVENORS**

In its Motion to Govern Further Proceedings, EPA asks this Court to allow EPA to apply its existing BACT ["best available control technology"] requirements to all "anyway sources" that emit over 75,000 tons per year (tpy) of

- 2 -

GHGs. EPA's Mot. to Govern Further Proceedings at 19-20 (Doc. No. 1518258) [hereinafter EPA Motion].[1] This Court should reject EPA's request for three reasons: (1) EPA's continued application of BACT requirements contradicts the Supreme Court opinion in *Utility Air Regulatory Group (UARG) v. EPA*, 134 S. Ct. 2427 (2014) and would violate notice and comment rulemaking requirements; (2) application of BACT to "anyway sources" is incompatible with EPA's promulgated greenhouse gas (GHG) regulations; and (3) a remand of the GHG program without vacating the underlying rules is inappropriate under this Court's applicable precedent. Each of these points is discussed more fully below.[2]

## I.   EPA's requested disposition contradicts *UARG*.

There are two fundamental problems with EPA's suggestion that its current BACT program can continue unmodified by *UARG*, both of which can be readily addressed.

---

[1] Environmental Organization Respondent-Intervenors' motion to govern future proceedings summarizes the arguments in EPA's Motion. *See generally* Mot. to Govern of Environmental Resp't-Intervenors (Doc. No. 1518280). This response also addresses those parties' motion.

[2] In addition to the arguments set forth herein, we concur with and support many of those presented in both the Response of the Energy-Intensive Manufacturers Working Group On Greenhouse Gas Regulation to EPA Motion and the Joint Response of State And Industry Parties to EPA Motion filed with this Court today.

### A. EPA's position depends upon a strained and non-contextual extraction of a single word, "continue," from the Supreme Court opinion.

EPA, over and over again, cites *UARG* for the broad proposition that EPA may "continue" to apply its present BACT regulatory program to GHGs. *See, e.g.*, EPA Mot. at 3 (asserting that *UARG* means "…EPA may therefore 'continue' to apply its existing regulations implementing the PSD permit BACT requirement…"). The Supreme Court said no such thing and rejected the premise on which that supposition is based. The word "continue" was used only once in *UARG* where the Court said that EPA "may …continue to treat greenhouse gases as a 'pollutant subject to regulation under this chapter' for purposes of requiring BACT for 'anyway' sources." *UARG*, 134 S. Ct. at 2449. The Court explained that, within this *programmatic* authority, if EPA decides to "continue" a BACT program for GHGs, it must, if it can, "devise rational ways of complying with the statute's directive to determine BACT for greenhouse gases." *Id.* at 2449 n.9. EPA never takes on this aspect of the Supreme Court's ruling, ignoring how it might be the case that the Court's opinion allows EPA to "continue" to apply its existing regulations without first devising rational ways to comply "taking into account energy, environmental, and economic and other costs." *Id.* EPA has more work to do and cannot merely "continue" applying its existing BACT program for GHGs.

Reading *UARG* in a straightforward way, in context, allows one to apply the Supreme Court's holding as if the opinion means exactly what it says: that EPA is not precluded from devising a GHG BACT program that would continue to regulate GHGs from "anyway" sources, provided that the agency can do so in a way that comports with the requirements stated throughout the Court's opinion.

**B.    EPA's position on GHG regulatory thresholds is contrary to the Supreme Court's holding.**

Besides forcing the word "continue" to bear a load it cannot carry, EPA ignores an equally substantial defect in its position: As the Supreme Court held, EPA "may require an 'anyway' source to comply with greenhouse-gas BACT *only if* the source emits more than a *de minimis* amount" of GHGs, an amount that EPA "must justify … on proper grounds." *UARG*, 134 S. Ct. at 2449 (emphasis added). Because EPA has not established such a *de minimis* threshold, *UARG* effectively prohibits any application of EPA's current GHG BACT requirements to "anyway" sources.

The precise number that EPA now proposes to retain as the threshold, 75,000 tons per year, was rejected by the Supreme Court as that *de minimis* value. *Id*. at 2449 ("We do not hold that 75,000 tons per year $CO_2$ necessarily exceeds a true *de minimis* level, only that EPA must justify its selection on proper grounds"). The Court noted that even EPA disavowed that value for threshold purposes. *Id*. at 2437 n.3 ("EPA stated that its adoption of a 75,000-tons-per-year threshold for

- 5 -

emissions requiring BACT and modifications requiring permits was not an exercise of its authority to establish *de minimis* exceptions…").

Additionally, EPA cannot convert the 75,000 ton threshold into a *de minimis* level through this litigation. A true *de minimis* level must be established through new notice-and-comment rulemaking. EPA was emphatic that the 75,000 ton threshold was not a *de minimis* level and was based on considerations different than the agency would employ to establish a *de minimis* level. *See* 75 Fed. Reg. 31514, 31560. EPA is now attempting to inject a *de minimis* level where its rules contained no *de minimis* level at all. There was no notice of or opportunity to comment on a *de minimis* level and whether, properly considered, that level might be 75,000 tons per year. EPA's present effort to convert the 75,000 ton threshold into a *de minimis* level would unlawfully run roughshod over the well-established procedural requirements of notice-and-comment rulemaking. *See also Alabama Power v. Costle*, 636 F.2d 323, 405 (D.C. Cir. 1979) (in a passage relied on by the Supreme Court in *UARG*, rejecting and remanding for further rulemaking EPA's effort to establish BACT thresholds because EPA's rulemaking did not establish that they were *de minimis* thresholds).

For these reasons, EPA's requested disposition is inconsistent with the Supreme Court's opinion in *UARG* and should be rejected.

## II. Application of BACT to "anyway" sources is incompatible with EPA's own promulgated GHG regulations.

In fashioning its requested relief, EPA acts as if its promulgated regulations can operate to regulate GHG emissions from "anyway" sources as they read. If this Court strikes the portions of the current regulations invalidated by the Supreme Court, the only remaining portions state that greenhouse gases "shall not be subject to PSD" at all.

EPA's GHG regulations occur in two parallel sets of five provisions, one set applicable to state implementation plans, the other to federal plans. 40 C.F.R. §§ 51.166(b)(48)(i)-(v) and 52.21(b)(49)(i)-(v). In both sets, paragraphs (iv) and (v) establish identical triggers for PSD applicability, *i.e.* the GHGs that a facility must emit or have the potential to emit to automatically be regulated as an anyway source or as a "major emitting facility" or to have implemented a "major modification."[3]

---

[3] *See, e.g.,* 40 CFR § 51.166(b)(iv):

> Beginning January 2, 2011, the pollutant GHGs is subject to regulation if:
> (a)  The stationary source is a new major stationary source for a regulated NSR pollutant that is not GHGs, and also will emit or will have the potential to emit 75,000 tpy CO2e or more; or
> (b)  The stationary source is an existing major stationary source for a regulated NSR pollutant that is not GHGs, and also will have an emissions increase of a regulated NSR pollutant, and an emissions increase of 75,000 tpy CO2e or more…

These provisions, however, run afoul of *UARG*. Paragraph (iv) relies upon a 75,000 tons per year threshold, that has not been properly justified by EPA as a "true *de minimis*" value. Paragraph (v) derives from EPA's (and this Court's) assumption that regulation of GHGs was automatically triggered by the operation of the Clean Air Act, an assumption rejected by the Supreme Court:[4] "Specifically, the Agency may not treat greenhouse gases as a pollutant for purposes of defining a 'major emitting facility' (or a 'modification' thereof) in the PSD context or a 'major source' in the Title V context. *To the extent its regulations purport to do so, they are invalid.*" *UARG*, 134 S. Ct. at 2449 (emphasis added).

Striking the invalid paragraphs (iv) and (v) from the two sets of rules leaves intact only paragraphs (i), (ii), and (iii) in each rule. Paragraph (i), however, expressly excludes GHGs, except as otherwise provided in the now-stricken paragraphs (iv) and (v). *See* 40 CFR § 51.166(b)(48)(i) ("[GHGs] *shall not be subject to regulation* except as provided in paragraphs (b)(48)(iv) through (v) of

---

Paragraph (v) expresses the same concept but for sources emitting GHGs after July 1, 2011, at 100,000 tpy.

[4] The Supreme Court rejected these regulatory provisions *twice*: once on the automatic trigger error, and once on EPA's rewriting of the statutory thresholds: "We conclude that EPA's rewriting of the statutory thresholds was impermissible and therefore could not validate the Agency's interpretation of the triggering provisions." *UARG*, 134 S. Ct. at 2445.

this section…"). By making a textual edit to the current rules to excise those portions that all parties agree have been invalidated by *UARG*, the literal terms of the remaining provisions expressly exclude BACT for "anyway" sources.

Consequently, a "remand" to EPA with the current rules left in place would cause a peculiar regulatory nullity—leaving in place a provision that states GHGs are not subject to regulation, except as provided nowhere.

### III. A remand of the GHG program without vacating the underlying rules is inappropriate under this Court's applicable precedent.

The disposition requested by EPA is a remand for undefined further action, but without vacatur of the applicable provisions to "anyway" sources. *See* EPA Mot. at 20 (EPA's requested relief states, "EPA shall consider whether any further revisions to its regulations are appropriate in light of [*UARG*], and if so, shall undertake to make such revisions."). Given the rejection of the entire conceptual foundation of EPA's GHG program by the Supreme Court, EPA's requested relief does not, for the reasons specified in Petitioners' initial motions to govern, meet the test specified in *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146, 150-51 (D.C. Cir. 1993).

EPA ignores this precedent, even while acknowledging that the Supreme Court invalidated the "automatic trigger" concept that forms the substance of its

application of BACT and Title V to GHGs.[5] This attempted avoidance of the import of *UARG* depends, at least in part, on EPA's over-reliance on the word "continue," but is rendered even more egregious in light of the Supreme Court's admonishment that EPA has yet to "devise" a legally sufficient set of rules. *UARG*, 134 S. Ct. at 2449 n.9 ("[W]e cannot say that it is impossible for EPA and state permitting authorities to devise rational ways of complying with the statute's directive to determine BACT for greenhouse gases 'on a case-by-case basis, taking into account energy, environmental, and economic impacts and other costs.'"). Under such circumstances, the noted risk of remand without vacatur is particularly important. *See, e.g.*, *Natural Res. Def. Council v. EPA*, 489 F.3d 1250, 1262-64 (D.C. Cir. 2007) (Randolph, J., concurring) ("A remand-only disposition is, in effect, an indefinite stay of the effectiveness of the court's decision and agencies naturally treat it as such."); *see also Milk Train, Inc. v. Veneman*, 310 F.3d 747, 758 (D.C. Cir. 2002) (Sentelle, J., dissenting) ("[E]ven if we are empowered to depart from the literal of the language [of Section 706],… I think it often, if not ordinarily, unwise.").

---

[5] "The Supreme Court held that 'EPA exceeded its statutory authority when it interpreted the Clean Air Act to require PSD and Title V permitting for stationary sources based on their greenhouse-gas emissions.'" EPA Mot. at 3.

## CONCLUSION

For the foregoing reasons, and those presented in Petitioners' motions to govern, this Court should enter an order granting the relief prayed for in those motions.

Respectfully submitted,

/s/ Shannon L. Goessling
Shannon L. Goessling
Southeastern Legal
Foundation, Inc.
2255 Sewell Mill Road, Suite 320
Marietta, GA 30062
(770) 977-2131

Edward A. Kazmarek
Douglas E. Cloud
Kazmarek Mowrey Cloud
Laseter LLP
1230 Peachtree Street, NE, Suite 3600
Atlanta, GA 30309
(404) 812-0840

*Counsel for Southeastern Legal Foundation, Inc.; U.S. Representative Michele Bachmann; U.S. Representative Marsha Blackburn; U.S. Representative Kevin Brady;  U.S. Representative Paul Broun; U.S. Representative Phil Gingrey; U.S. Representative Steve King; U.S. Representative Jack Kingston; U.S. Representative Tom Price; U.S. Representative Dana Rohrabacher; U.S. Representative John Shimkus; U.S. Representative Lynn Westmoreland; The Langdale Company; Langdale Forest Products Company; Langdale Farms, LLC;*

- 11 -

*Langdale Fuel Company; Langdale Chevrolet-Pontiac, Inc.; Langdale Ford Company; Langboard, Inc. – MDF; Langboard, Inc. – OSB; Georgia Motor Trucking Association, Inc.; Collins Industries, Inc.; Collins Trucking Company, Inc.; Kennesaw Transportation, Inc.; J&M Tank Lines, Inc.; Southeast Trailer Mart, Inc.; Georgia Agribusiness Council, Inc.; Competitive Enterprise Institute; FreedomWorks; and The Science and Environmental Policy Project*

Dated: November 21, 2014

## CERTIFICATE OF SERVICE

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure and Circuit Rule 25(c), I certify that, on this 21st day of November, 2014, I caused the foregoing documents to be electronically filed with the Clerk of the Court by using the Court's CM/ECF system. All registered CM/ECT users will be served by the Court's CM/ECF system.

<pre>                          /s/ Shannon L. Goessling
                          Shannon L. Goessling</pre>